IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC S. PIPPIN, | ) |
| | ) |
| Plaintiff, | ) No. 3:11-cv-00915 |
| | ) Chief Judge Haynes |
| v. | ) |
| | ) |
| CHRISTOPHER ALLGOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Eric S. Pippin, a pretrial detainee at the Metro-Davidson County Detention Facility ("MDCDF")[1] in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Defendants: Christopher Allgood, Michael Benson and Daron Hall, in their individual and official capacities, and Metropolitan Government of Nashville and Davidson County ("Metro"). Plaintiff's claims arise out of his confinement at the Davidson County Criminal Justice Center ("CJC"), where Plaintiff alleges that the Defendants violated his Eighth and Fourteenth Amendment rights by use of excessive force, denial of participation in the jail's grievance process, and placement of him by force into segregation cell.[2]

Before the Court is Benson's, Hall's and Metro's motion to dismiss (Docket Entry No. 74), contending, in sum: (1) that Plaintiff fails to state a due process claim against Defendant

---

[1] Metro-Davidson County Detention Facility is operated by Corrections Corporation of America ("CCA") under contract with Metropolitan Government of Nashville and Davidson County. See http://www.cca.com/facility/metro-davidson-county-detention-facility/

[2] Plaintiff also asserts Due Process violations under the Fifth Amendment. "The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." Bybee v. City of Paducah, 46 F. App'x 735, 737 (6th Cir. 2002). Because Plaintiff does not assert any claims against the federal government, Plaintiff's Fifth Amendment's claims should be dismissed.

Benson; (2) that Plaintiff's claim against Defendant Hall in his official capacity as a matter of law is against Metro and duplicative because Defendant Metro is already a party; (3) that Plaintiff fails to allege facts of any unconstitutional custom, policy, or practice by Metro; and (4) that individual Defendants are entitled to qualified immunity.

In his response (Docket Entry No. 88), Plaintiff asserts: (1) that the Defendants' violation of the Davidson County Sheriff's Office ("DCSO") regulations infringed upon his constitutional due process rights and state a claim; (2) that Defendant Hall allowed unconstitutional practices of excessive force to occur at the CJC; (3) that Metro has a custom and policy of allowing its jail employees to violate inmates' due process rights in the grievance process at CJC; and (4) that Benson and Hall are not entitled to qualified immunity.

For the following reasons, the Court concludes that Plaintiff's amended complaint fails to provide specific factual allegations to state plausible claims against these Defendants and these Defendants' motion to dismiss should be granted.

## I. Analysis of the Amended Complaint

According to Plaintiff, on March 2, 2011, he was a pretrial detainee at the CJC and was being escorted down the CJC's hallway with his hands cuffed behind his back. (Docket Entry No. 67, Amended Complaint at 6). Christopher Allgood, the officer escorting him, became agitated with Plaintiff's talking and swept Plaintiff's feet out from under him. Id. Plaintiff fell forward on his face, breaking his tooth and lacerating his lip and chin. Id. Allegedly, Allgood used his knees to push down on Plaintiff's back and then repeatedly struck him on the side of the head. Id. Plaintiff was taken immediately to CJC's medical unit, where he was examined and then sent to the Metropolitan Nashville General Hospital emergency room for further treatment.

2

Id. The next day, Plaintiff was admitted to Meharry Metro General Hospital to remove and repair his broken tooth. Id.

A disciplinary report was filed against Plaintiff and Plaintiff filed an inmate grievance form on March 6, 2011. Id. at 7-8. On March 14, 2011, twelve days after the incident in question, Benson held a hearing on the disciplinary report filed. Id. at 7. Plaintiff alleges that the date of the disciplinary hearing violated the DCSO's Rules and Guidelines that requires that all hearings to be conducted within seven days of the incident, excluding weekends and holidays. Id. According to Plaintiff, the disciplinary report did not list any witnesses for Plaintiff, but Plaintiff alleges that Benson did not ask Plaintiff whether he had any witnesses. Id.

After the disciplinary hearing, Plaintiff alleges that he sent several letters and request forms, including a request for disciplinary appeal. Id. Plaintiff alleges that Hall initially failed to respond timely to his March 6, 2011 grievance, but Hall later denied that grievance on July 6, 2011. Id. at 8. Plaintiff alleges that he never received a response to his disciplinary appeal. Id. Finally, Plaintiff alleges that Hall and Metro failed to act on information about Allgood's history of using excessive force on inmates at CJC. Id.

## II. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir.

3

2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79. While pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombly and Iqbal. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

As a threshold matter, because Plaintiff named Benson and Hall, Metro officials, in their official capacities, his claims against them are against Metro. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." Id. at 166 (citation omitted) (emphasis in original). In addition, Metro is a named party, thus, the Court concludes that Plaintiff's claims against Benson and Hall in their official capacities are duplicative and those claims should be dismissed.

### A. Michael Benson

As to Plaintiff's claims against Benson in his individual capacity, Plaintiff does not allege that Benson was personally involved in the alleged excessive force. Plaintiff alleges only that Benson violated his due process rights by failing to hold the disciplinary hearing within the seven day period mandated by DCSO guidelines. Plaintiff alleges that Benson's failure to comply with local policy violated his liberty interest in a reasonable, prompt hearing after the alleged violation. Plaintiff also contends that Benson denied Plaintiff his liberty by placing him into segregation.

A violation of a local policy is not a per se violation of an inmate's constitutional rights. Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992); Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest.") (citing Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."));Cooper v. County of Washtenaw, 222 F. App'x 459, 468 (6th

6

Cir. 2007); McVeigh v. Bartlett, 52 F.3d 325, No. 94-2347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding that "the defendant's alleged failure to comply with a prison policy directive . . . does not rise to the level of a constitutional violation because the policy directive simply does not create a protectible liberty interest.").

Here, Plaintiff fails to allege the violation of a specific constitutional right. Moreover, taking judicial notice pursuant to Fed. R. Evid. 201, the alleged incident with Allgood occurred on Wednesday March 2, 2011. Excluding weekends, according to Plaintiff his hearing should have taken place by Friday March 11, 2011, instead of Monday March 14, 2011. This delay in conducting the disciplinary hearing was neither excessive nor unreasonable. Thus, the Court concludes that Plaintiff's delayed hearing claim does not constitute a constitutional violation. See Ward v. State, 899 F.2d 1223, No. 89-5829, 1990 WL 400990, at *1 (6th Cir. Apr. 9, 1990) (citing Loudermill v. Cleveland Bd. of Educ., 721 F.2d 550, 563-64 (6th Cir. 1983), aff'd, 470 U.S. 532 (1985)).

This conclusion also extends to Plaintiff's claim that Benson violated his due process rights by intentionally misstating that Plaintiff did not list any witnesses on the disciplinary hearing form. Pretrial detainees, like convicted prisoners, have a constitutional right to notice of the charges against them and an opportunity to present their views at a hearing. Cantrell v. Fowler, 875 F.2d 862, No. 88-6141, 1989 WL 51398, at *1 (6th Cir. May 18, 1989); Crafton v. Luttrell, 378 F. Supp. 521, 541 (M.D. Tenn. 1974).

Here, Plaintiff does not allege lack of notice of the charges against him or denial of the opportunity for a hearing on those charges. Plaintiff does not allege that he in fact had any witnesses to present at the hearing nor that he was prevented from presenting any witnesses.

7

Plaintiff only alleges that Benson falsely stated that Plaintiff told Benson that he did not have any witnesses. The Court concludes that Plaintiff fails to state a cognizable due process claim on the allegation. Assuming Benson made the false statement, Plaintiff had an opportunity to rebut any falsehoods at a hearing. See Jackson v. Madery, 158 F. App'x 656, 662 (6th Cir. 2005) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing.") (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986)); Banks v. Klapish, 717 F. Supp. 520, 522 (W.D. Mich. 1989) ("[A] prison inmate is not denied due process by being falsely accused of a violation of prison rules, so long as the inmate gets the opportunity to rebut the charge at a hearing.").

Thus, the Court concludes that Plaintiff fails to state a due process claim against Benson on his witness claim.

As to Plaintiff's claim that Benson violated his due process rights by placing Plaintiff in segregation, this district has long held that a prisoner may be temporarily segregated prior to a disciplinary hearing. Crafton, 378 F. Supp. at 532. Finally, Plaintiff's allegations do not describe an atypical and significant hardship sufficient to violate due process. See Sandin v. Conner, 515 U.S. 472, 486-87 (1995) (finding that thirty days in punitive segregation was neither atypical nor a significant hardship). Accordingly, the Court concludes that Plaintiff's segregation claim fails to state a claim for relief.

### B. Daron Hall

Plaintiff asserts that Defendant Hall violated his due process rights (1) by failing to answer timely Plaintiff's inmate grievance form; (2) by failing to answer Plaintiff's disciplinary appeal; (3) by denying Plaintiff's grievance; (4) by failing to protect Plaintiff from excessive

8

force; (5) by failing to conduct an administrative investigation and remedying the alleged excessive force claim; (6) by denying Plaintiff his liberty by placing him into segregation; and (7) by failing to remedy past instances of excessive force by Allgood. Plaintiff does not allege any specific personal involvement by Hall in Allgood's actual use of force.

For a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id. Liability under § 1983 must be based on more than *respondeat superior* or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citations omitted).

As to Hall's alleged failure to answer Plaintiff's grievance timely, "'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." Grinter, 532 F.3d at 576 (quoting Shehee, 199 F.3d at 300). Thus, Plaintiff's claim that Hall failed to conduct an administrative investigation or remedy a wrong also fails to state a claim of § 1983 liability. Carlton v. Jondreau, 76 F. App'x 642, 644 (6th Cir. 2003).

Plaintiff's next claim is that Hall failed to remedy past instances of excessive force by

9

Allgood. Although liability under § 1983 cannot be based on *respondeat superior* or the right to control employees, a supervisor who possesses information of a subordinate's past conduct exhibiting a "'strong likelihood'" of unconstitutional conduct by that subordinate, may be liable if the supervisor's "'failure to take adequate precautions amounted to deliberate indifference'" to the plaintiff's constitutional rights. Doe v. City of Roseville, 296 F.3d 431, 439 (6th Cir. 2002) (quoting Doe v. Claiborne County, Tenn., 103 F.3d 495, 513 (6th Cir.1996)); Curry v. Scott, 249 F.3d 505-06 (6th Cir. 2001). Quoting the Eleventh Circuit, the Sixth Circuit stated:

> [s]upervisor liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [she] fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.

Id. at 440 (quoting Braddy v. Florida Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir.1998)).

Yet, Plaintiff does not allege any specific facts about Allgood's alleged past misconduct other than a conclusory assertion that Hall failed to remedy any past instances of excessive force by Allgood. Thus, this claim against Hall should be dismissed for failure to state a claim. See Johnson v. Metropolitan Gov't of Nashville and Davidson County, No. 3:10–0589, 2010 WL 3619790, at *3 (M.D. Tenn. Sept. 13, 2010) ("There is no factual underpinning from which a conclusion plausibly could be drawn that there was anything in the backgrounds of these police officers to alert Metro that hiring them would result in the deprivation of a citizen's constitutional rights .... No facts are supplied in the Second Amended Complaint ... concerning the

10

circumstances of the prior shooting, and no factual link is drawn between the prior shooting, Metro's alleged failure to train, supervise, or discipline [the subordinate officer] adequately, and the shooting [of the decedent].").

With these conclusions, consideration of the individual Defendants' assertions of qualified immunity is deemed moot.

### 3. Metro

Plaintiff's remaining claims are that Metro violated his constitutional rights by failing to remedy Allgood's alleged excessive force claim and Allgood's past instances of excessive force that caused Plaintiff to be subjected to excessive force.

A municipality may not be held liable under § 1983 under a theory of *respondeat superior*. Garretson v. City of Madison Heights, 407 F.3d 789, 795 (6th Cir. 2005); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir.1997) ("While a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees."). Unlike states, municipalities are persons who may be liable under § 1983 for their illegal acts or those of their employees, but only under certain conditions, where:

> [the employee's] action . . . implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers[;]
>
> . . .
>
> [There is] official municipal policy of some nature[; or]
>
> . . .
>
> [The] execution of a government's policy or custom, whether made by its

> lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . .

Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690, 691, 694 (1978).

A municipality is subject to liability for "only [those] deprivations [that are] visited pursuant to municipal 'custom' or 'policy'" under § 1983. Okla. City v. Tuttle, 471 U.S. 808, 818 (1985). An isolated act of any employee also does not establish a policy. Sargi v. Kent City Bd. of Educ. 70 F.3d 907, 912 (6th Cir. 1995). Yet, a city or local governmental entity may be held liable in actions brought against its employees in the employee's official capacity when it has notice of the action. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In a word, "official capacity claims [against municipal employees] are essentially claims against the entity itself." Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 827 (6th Cir.1988).

A claim against a municipality requires allegations suggestive of "(1) the existence of an unconstitutional policy, (2) the connection of the policy to the municipality itself, and (3) a causal link between the unconstitutional policy and the particular injury alleged." Robertson v. Johnson County, 896 F. Supp. 673, 682 (E.D. Ky. 1995); accord Foster v. City of Cleveland Heights, 81 F.3d 160, No. 95-3591, 1996 WL 132181, at *1 (6th Cir. March 21, 1996) ("When a § 1983 claim is made against a municipality, two issues must be analyzed: (1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.") (citing Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992)); see also Hutchison v. Metropolitan Gov't. of Nashville and Davidson County, 685 F. Supp.2d 747, 750–51 (M.D. Tenn.2010) (dismissing plaintiff's Fourth and Fourteenth Amendment claims, district court found that plaintiff's allegations were insufficient to state a

claim, noting "In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly.").

Here, Plaintiff fails to allege specific facts suggestive of a policy or custom of Metro or specific facts suggestive that Metro or Hall had notice of Allgood's use of excessive force. As with Hall, the Court concludes that factual allegations for his § 1983 claims against Metro fail to state a claim.

Accordingly, for these reasons, the Court concludes that Defendants' motion to dismiss Defendants Benson, Hall and Metro (Docket Entry No. 74) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 10th day of September, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge