IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC S. PIPPIN, | ) |
| Plaintiff, | ) No. 3:11-cv-00915 |
| | ) Chief Judge Haynes |
| v. | ) |
| CHRISTOPHER ALLGOOD, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Eric S. Pippin, filed this pro se action under 42 U.S.C. § 1983 against Defendants: Christopher Allgood, Michael Benson and Daron Hall, in their individual and official capacities, and Metropolitan Government of Nashville and Davidson County. Plaintiff's claims arise out of his confinement at the Davidson County Criminal Justice Center, where Plaintiff alleges that the Defendants violated his Eighth and Fourteenth Amendment rights by use of excessive force.

Before the Court is Defendant Allgood's motion for summary judgment[1] (Docket Entry No. 80), contending, in sum: (1) that Plaintiff failed to exhaust his administrative remedies before filing suit in federal court as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a)(e); (2) that Plaintiff was a pretrial detainee at the time of the incident and Plaintiff lacks proof to meet the state of mind requirement for his Fourteenth Amendment claim; and (3) alternatively, that Defendant Allgood is entitled to qualified immunity from damages. Plaintiff failed to responded to Defendants' motion for summary judgment or Defendants' statement of undisputed

---

[1]Plaintiff's claims against Defendants Benson, Hall and the Metropolitan Government of Nashville and Davidson County have been dismissed. (Docket Entry No. 101).

1

material facts.[2]

## A. Review of the Record[3]

On March 2, 2011, Plaintiff was booked into the Davidson County Criminal Justice Center on charges of probation violation and possession of a stolen vehicle. (Docket Entry No. 86 at ¶ 11, Defendant's Statement of Material Facts Not in Dispute). Plaintiff admitted to using cocaine, heroin, marijuana, and alcohol prior to his arrest. (Docket Entry No. 80-1 at p 51:16-25, Pippin's Deposition). Plaintiff was placed in the Davidson County Sheriff's Office ("DSCO") gym to await a cell assignment or transport to another area in DCSO. (Docket Entry No. 84 at ¶ 2, Allgood's Affidavit).

At approximately 8:00 pm, Defendant Allgood located Plaintiff in the gym to escort him to booking as Plaintiff was being booked on additional charges. Id. at ¶ 4. Plaintiff, who had been identified as a "white supremacist," complained to Defendant Allgood about being housed with "these people." Id. at ¶ 3. Plaintiff "cursed at [Defendant Allgood] and acted in an aggressive manner" and "curs[ed] at the other officers." Id. at ¶ 7. Plaintiff was "acting irrationally and stated to [Defendant Allgood] that [Allgood] should be glad that [Plaintiff] wanted to do this 'the easy way.'" Id. at ¶ 8. Plaintiff continued to curse and threaten Defendant Allgood. Id. at ¶ 9. Plaintiff also

---

[2] The Court's Order (Docket Entry No. 107) allowed Plaintiff twenty (20) days from the entry of the Order on November 1, 2012 to respond to Defendant's motion for summary judgment. Plaintiff failed to respond.

[3] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Under Local Rule 56.01(g), a "failure to respond to a moving party's statement of material facts, . . . within the time provided . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Plaintiff did not respond to Defendants' statement of undisputed facts. Yet, given that exhaustion of administrative remedies is required, this section does not constitute findings of fact under Fed.R.Civ.P. 56(d).

tried to turn toward Defendant Allgood, but Defendant Allgood "told [Plaintiff] to just keep walking." Id.

Upon approaching the elevators, Plaintiff "forcefully tried to jerk away from [Defendant Allgood], bringing his arm backward and turning his body toward [Defendant Allgood]. [Plaintiff] pulled away with such force that [Defendant Allgood] lost [his] grip on [Plaintiff]." Id. at ¶ 10. When Defendant Allgood lost his grip, Defendant "performed a leg sweep in an attempt to take [Plaintiff] to the ground and regain control of him." Id. at ¶ 11. Plaintiff continued his hostile and irrational behavior after landing on the ground. Id. at ¶ 13. After the incident, Defendant Allgood, along with Officer Timothy Jones, immediately took Plaintiff to the medical unit for observation and treatment. Id. at 14. Plaintiff's injuries from the incident included a lacerated lip. Id. at ¶ 12.

Officer Michael Benson was assigned to investigate the incident between Plaintiff and Defendant Allgood. (Docket Entry No. 85 at ¶ 3, Benson's Affidavit). Benson reported the results of the investigation to Marcus Bodie. Id. at ¶ 4. Plaintiff "was permitted to be present at the hearing before Marcus Bodie and to make a statement, including identifying any witnesses." Id. at ¶ 6. Bodie "decided to place [Plaintiff] in administrative segregation for 30 days for being disrespectful to officers, being out of place, refusing officers' direct orders, interfering with officers duties, and assaulting an officer."[4] Id. at ¶ 5.

On May 13, 2011, Plaintiff filed a grievance against Defendant Allgood. (Docket Entry No. 83 at ¶ 5, Weikal's Affidavit). On June 6, 2011, Plaintiff received a response that his grievance was unsustained. Id. There are not any records reflecting that Plaintiff appealed the grievance response.

---

[4]Plaintiff alleges that he appealed the disciplinary hearing decision. (Docket Entry No. 1 at 3, Plaintiff's Complaint).

3

Id. The DCSO inmate grievance procedures provide that an inmate must file a complaint about a specific incident within seven days of the incident. (Docket Entry No. 83-2 at 2). After filing the grievance, the grievance coordinator will screen each grievance to determine appropriate further action. Id. The "designated responder will investigate the complaint as needed, take steps to address or remedy legitimate complaints, initiate changes where appropriate, and forward a response to the inmate by the date specified." Id. at 3. The inmate will receive a response to the grievance. Id. A dissatisfied inmate should appeal within five working days of the grievance response. Id. at 4.

## B. Conclusions of Law

The PLRA provides "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of remedies is mandatory, Jones v. Bock, 549 U.S. 199, 211 (2007), and the prisoner must follow "critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006), "including time limitations." Rishee v. Fappin, 639 F.3d 236, 240 (6th Cir. 2011). Yet, " courts may overlook procedural defaults if the prisoner 'did not attempt to bypass the administrative grievance process [and] affirmatively endeavored to comply with it.'" Brooks v. Silva, No. 7:08-CV-105-KKC, 2012 WL 3637832, at *3 (E.D. Ky. Aug. 23, 2012) (quoting Rishee, 639 F.3d at 240). Under the PLRA, exhaustion of administrative remedies is required before filing the lawsuit; "[t]he prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (abrogated on other grounds by Jones, 549 U.S. at 216).

Here, the record reflects that Plaintiff submitted an inmate grievance on May 13, 2011. (Docket Entry No. 83-1 at 1). On July 6, 2011 Plaintiff received the grievance response indicating

4

that the grievance was unsustained. Id. Plaintiff filed his initial grievance outside the seven-day window under the inmate grievance policies and procedures. In addition, the record reflects that Plaintiff did not appeal his grievance response. (Docket Entry No. 83, Weikal's Affidavit). Plaintiff has not provided any proof of his attempts to exhaust his administrative remedies nor responded to Defendants' motion.

## C. Conclusion

The Court concludes that Plaintiff did not exhaust his administrative remedies before filing his complaint in federal court as required under the PLRA. As the Plaintiff has not exhausted his administrative remedies, the Court will not reach the constitutional question in this action.

In addition, Plaintiff has failed to inform the Court of his change of address. Under Fed. R. Civ. P. 5(b), service is effective upon mailing to the party's last known address. It is a party's responsibility to inform the Court of his address so as to enable the Court to inform all parties of matters arising in the litigation. Downs v. Pyburn, No. 3:87-0471 (M.D. Tenn. Order filed September 4, 1987). Upon review of the file, the Clerk of Court mailed a copy of the Court's Orders (Docket Entry No. 101 and 107) to Plaintiff's last known address. Both copies of the Orders were returned unclaimed, "Return to Sender, Not Deliverable As Addressed." (Docket Entry Nos. 105 and 112). Plaintiff has failed to notify the Court of his new address or refuses to claim mailings from the Court, and the Court is unable to conduct the necessary proceedings in this action.

The Court concludes that this action should be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies, but also concludes that this action should be dismissed under Fed. R. Civ. P. 41(a) for Plaintiff's failure to prosecute.

An appropriate Order is filed herewith.

**ENTERED** this the 26th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court